UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A&J PRODUCE CORP.<br><br>        Plaintiff<br><br>        v.<br><br>KOREAN PRODUCE BUYING SERVICE,<br>INC., t/a K.P.T.<br><br>    and<br><br>YONG H. KIM<br><br>        Defendants | Civil No. 07cv7008 (JSR)<br><br>**COMPLAINT** |

A&J Produce Corp. (hereinafter referred to as "plaintiff"), for its Complaint against defendants, alleges:

JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

PARTIES

3. Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. a. Defendant, Korean Produce Buying Service, Inc. t/a K.P.T. ("K.P.T."), is a New York corporation with a principal place of business in Bronx, New York, and was

at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

      b.     Defendant, Yong H. Kim, upon information and belief, is and was an officer and director of K.P.T. and is and was in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.     Plaintiff sold and delivered to defendants, in interstate commerce, $176,342.50 worth of wholesale quantities of produce.

7.     Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $176,342.50.

8.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.     Plaintiff preserved its interest in the PACA trust in the amount of $176,342.50 and remains a beneficiary until full payment is made for the produce.

10.     Defendant's failure, inability and refusal to pay the amount of $176,342.50 show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

Count 1
(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiff of trust funds in the amount of $176,342.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2
### (Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $176,342.50 owed to plaintiff for produce received by defendants from plaintiff.

## Count 3
### (Unlawful Dissipation of Trust Assets by a Corporate Officer – Yong H. Kim)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Yong H. Kim, was an officer and director and was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

18. Defendant Yong H. Kim failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

19. Defendant Yong H. Kim's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## Count 4
(Interest and Attorney's Fees)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. As a result of defendants' failure to make full payment promptly of $176,342.50, plaintiff has lost the use of said money.

23. As a further result of defendants' failure to make full payment promptly of $176,342.50, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

24. PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at the rate of 16% per annum and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiff requests the following relief:

1) An order enforcing payment from the trust by requiring immediate payment of $176,342.50 to plaintiff;

2) Judgment against each of the defendants, jointly and severally, in the amount of $176,342.50 under the trust provisions of the PACA;

3) Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

- 5 -

Dated this 6th day of August, 2007.

    Respectfully submitted

    LAW OFFICES OF BRUCE LEVINSON

    By: /s/ Bruce Levinson
    Bruce Levinson (BL0749)
    747 Third Avenue, 4th Floor
    New York, New York 10017-2803
    (212) 750-9898

    and

    Sarah Fry
    McCARRON & DIESS
    4900 Massachusetts Ave., N.W. Suite 310
    Washington, D.C. 20016
    (202) 364-0400

    Attorneys for Plaintiff