UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| A&J PRODUCE CORP. | : | |
| | : | |
| Plaintiff | : | Civil No. 07cv7008 (JSR) |
| | : | |
| v. | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF PLAINTIFF'S MOTIONS** |
| KOREAN PRODUCE BUYING SERVICE, | : | **FOR TEMPORARY** |
| INC., t/a K.P.T. | : | **RESTRAINING ORDER** |
| | : | **WITHOUT NOTICE AND** |
| and | : | **ORDER TO SHOW CAUSE** |
| | : | **WHY A PRELIMINARY** |
| YONG H. KIM | : | **INJUNCTION SHOULD NOT** |
| | : | **ISSUE AND PRELIMINARY** |
| Defendants | : | **INJUNCTION** |

Plaintiff, A&J Produce Corp., submits this memorandum in support of its Motions for Temporary Restraining Order Without Notice and Order to Show Cause Why a Preliminary Injunction Should Not Issue and Preliminary Injunction pursuant to Fed. R. Civ. P. 65. Submitted herewith in support of plaintiff's motions are the affidavit of the representative of the plaintiff and the certification of applicant's attorney as to why notice is not required.

## INTRODUCTION

Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant, Korean Produce Buying Service, Inc., t/a K.P.T. ("K.P.T.") is a corporation located in Bronx, New York, and is and was at all times pertinent herein, a dealer of produce subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA"). Upon information and belief, defendant, Yong H. Kim, was an officer and director of K.P.T. and directed the day-to-

day operations of K.P.T. during the period of time in question and was in a position of control over the PACA trust assets belonging to plaintiff.

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(i).

## THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. Id. The trust provisions thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

## ENTITLEMENT TO TEMPORARY RESTRAINING ORDER

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice.

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In this case, plaintiff, through the affidavit of its representative, as well as the Certification of Counsel, has demonstrated that: a) it is a produce dealer and creditor of defendants under PACA; b) it has not been paid for the $176,342.50 worth of produce that it sold to defendants; c) defendants are experiencing severe cash flow problems and are unable to pay plaintiff; and d) giving defendants notice before entry of a

- 3 -

Temporary Restraining Order will allow defendants to further dissipate PACA trust assets pending a hearing.

Such notice will only provide defendants with advance warning that an order may be entered, thereby giving time to defendants to: a) sell or transfer trust assets; and/or b) make further payments of trust assets to liquidate personal liabilities of its principals or pay preferred non-trust creditors prior to the entry of the order.  Thus, a further loss of trust assets would result if there is notice.  Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, <u>supra</u>, p. 140; <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.</u>, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to plaintiff and other trust creditors would be irreparable.  <u>A&J Fruit v. Thomas J. Gatziolis & Co.</u>, 774 F.Supp. 449 (N.D. Ill. 1991); <u>Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.</u>, 751 F.Supp. 64 (W.D. Pa. 1990).

In addition, defendants have the power to obtain immediate dissolution of the Temporary Restraining Order by payment to plaintiff of the trust moneys that are owed.  Alternatively, a prompt hearing will be held on plaintiff's motion for preliminary injunction, and defendants can file an immediate application to dissolve the temporary restraining order under Rule 65(b).  In the meantime, the <u>status quo</u> is maintained because no assets can be transferred or dissipated.

Caselaw supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid.  <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, <u>supra</u>, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was

not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

The standard for granting a preliminary injunction in the Second Circuit requires a showing of (1) possible irreparable harm and (2) either: a) likelihood of success on the merits; or b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. KMW Intern v. Chase Manhattan Bank, N.A., 606 F.2d 10 (2d Cir. 1979); Jackson Diary, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1978); Caulfield v. Board of Education, 583 F.2d 605 (2d Cir. 1978). The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Finally, no bond should be required because defendants already have $176,342.50 worth of trust assets from plaintiff as security for the issuance of a Temporary Restraining Order.

- 6 -

For the foregoing reasons, plaintiff respectfully submit that its Motion for Temporary Restraining Order Without Notice should be granted.

Dated this 6th day of August, 2007

        Respectfully submitted

        LAW OFFICES OF BRUCE LEVINSON

    By: /s/ Bruce Levinson
        Bruce Levinson (BL0749)
        747 Third Avenue, 4th Floor
        New York, New York 10017-2803
        (212) 750-9898

        and

        Sarah Fry
        McCARRON & DIESS
        4900 Massachusetts Ave., N.W. Suite 310
        Washington, D.C. 20016
        (202) 364-0400

        Attorneys for Plaintiff