UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| A&J PRODUCE CORP. | : | |
| | : | |
| Plaintiff | : | Civil No. 07cv7008 (JSR) |
| | : | |
| v. | : | **AFFIDAVIT IN SUPPORT** |
| | : | **OF MOTION FOR** |
| KOREAN PRODUCE BUYING SERVICE, | : | **TEMPORARY RESTRAINING** |
| INC., t/a K.P.T. | : | **ORDER AND ORDER TO SHOW** |
| | : | **CAUSE WHY A PRELIMINARY** |
| and | : | **INJUNCTION SHOULD NOT** |
| | : | **BE ISSUED AND PRELIMINARY** |
| YONG H. KIM | : | **INJUNCTION** |
| | : | |
| Defendants | : | |

Thomas Tramutola, being duly sworn, deposes and says:

1.    I am the credit manager of A&J Produce Corp. ("A&J"), and make this Affidavit in support of an application for emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.    I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

3.    A&J is a corporation located in Bronx, New York, which sells wholesale quantities of perishable agricultural commodities (hereafter "produce").  A&J is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a *et. seq.* (hereafter "PACA").

4.	a.	Korean Produce Buying Service, Inc., t/a K.P.T. ("K.P.T.") is a produce dealer as defined by 7 U.S.C. §499a and operates subject to and is licensed under the PACA.

b.	Upon information and belief, Yong H. Kim was responsible for the day-to-day operations of K.P.T. during the time in question and was in a position of control over the PACA trust assets belonging to plaintiff.

5.	The sales and accounts receivable records of A&J including invoices and account statements are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

6.	My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including K.P.T.'s account which is the subject of the present application. I have custody and control of the sales and accounts receivable records of A&J as they relate to K.P.T. and I am thoroughly familiar with the manner in which those records are compiled.

7.	Between June 22, 2007 and July 20, 2007, A&J sold and delivered to defendants, in interstate commerce, various wholesale lots of produce worth $176,342.50 which remains unpaid. (Copies of the outstanding invoices are attached hereto as Exhibit A.)

8.	Defendants accepted the produce received from A&J.

9. A&J preserved its interest in the PACA trust in the amount of $176,342.50 by timely delivering invoices to defendants, which contained the language required under Section 5(c)(4) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c)(4).  (See Exhibit A.)

10. Defendants are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $176,342.50 to A&J.

11. Defendants have not disputed the debt in any way and have repeatedly promised to pay but have not done so.

12. For the past several weeks, Yong H. Kim, the president of K.P.T. has repeatedly promised to make payment to A&J.  During my most recent conversation with Mr. Kim on Friday, July 27, 2007, he told me that K.P.T. was experiencing severe cash flow problems and that he could not pay the balance due to A&J.  Mr. Kim told me that he would come to A&J's offices on Sunday night, July 30, 2007, to make a payment and discuss the outstanding debt with the principals of A&J.  However, Mr. Kim never came to A&J on July 30, 2007 as promised and, despite numerous attempts to contact him by phone, I have not been unable to speak with him to discuss the outstanding debt.

14. Defendants' failure, refusal, and inability to pay A&J the amount of $176,342.50, demonstrate that defendants are failing to maintain sufficient assets in the statutory trust and have dissipated and will continue to dissipate trust assets belonging to plaintiff.

14. Unless the assets of the defendant corporation are frozen, it is likely the trust assets will continue to be dissipated.  As a result, A&J will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

15. No provisional remedy has been secured or sought in this action, and no prior application has been made for the same or similar relief as is sought herein.

I do solemnly declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

A&J PRODUCE CORP.

By: _____
~~Anthony Spota~~ THOMAS TRAMUTOLA

Subscribed and sworn to before me this 3RD day of August, 2007.

_____
Notary Public

ANTHONY V. SPOTA
Notary Public, State of New York
No. 01SP4608631
Qualified in Queens County
Commission Expires July 31, 2010

My Commission Expires: _____